Layne Friedrich (Bar No. 195431)
Drevet Hunt (Bar No. 240487)
LAWYERS FOR CLEAN WATER, INC.
1004 O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 440-6520
Facsimile: (415) 440-4155
Email: layne@lawyersforcleanwater.com
        drev@lawyersforcleanwater.com

Brian Gaffney (Bar No. 168778)
LIPPE GAFFNEY WAGNER LLP
329 Bryant Street, Suite 3D
San Francisco, CA 94107
Telephone: (415) 777-5600
Facsimile: (415) 777-9809
bgaffney@lgwlawyers.com

Attorneys for Plaintiff
SAN BRUNO MOUNTAIN WATCH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN BRUNO MOUNTAIN WATCH, a non-profit corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>BROOKFIELD NORTHEAST RIDGE II LLC, *et al.*,<br>        Defendants. | Civil Case No.: C 08-01366 SBA (EMC)<br><br>**STIPULATION TO DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE; SETTLEMENT AGREEMENT; [PROPOSED] ORDER** |

1    Plaintiff San Bruno Mountain Watch and Defendants Brookfield Northeast Ridge II LLC,

2    Brookfield Bay Area Builders Inc., and Brookfield Homes of California Inc. (collectively "Defendants")

3    by and through their attorneys of record, hereby enter into this stipulation, dismissal with prejudice, and

4    settlement agreement.

5    **WHEREAS,** Plaintiff and Defendants (the "Parties") have entered into a settlement agreement

6    ("Settlement Agreement") that achieves a full and final settlement of all Plaintiff's claims against

7    Defendants as set forth in Civil Case No. 08-01366 SBA (EMC);

8    **WHEREAS,** a copy of the Settlement Agreement is incorporated herein and attached as Exhibit

9    A to this stipulated dismissal and [proposed] order.

10    **NOW THEREFORE,** the Parties jointly stipulate as follows:

11    1.    All claims alleged by Plaintiff against Defendants as set forth in Civil Case No. 08-01366

12    SBA (EMC) are dismissed with prejudice.

13    2.    The Parties respectfully request that the Honorable Edward M. Chen retain jurisdiction

14    over Civil Case No. 08-01366 SBA (EMC) for the purpose of resolving any disputes between the Parties

15    regarding the obligations or terms set forth in the Settlement Agreement.

16

17    LAWYERS FOR CLEAN WATER, INC.

18

19    By: _____

20    Layne Friedrich
      Attorneys for Plaintiff

21

22    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

23

24    By: _S. Keith Garner_

25    S. Keith Garner
      Attorneys for Defendants

26

27

28

Stipulated Dismissal; Settlement Agreement          1          Civil Case No. 08-01366 SBA (EMC)

1

[PROPOSED] ORDER

2      Based on the above stipulation of the Parties,

3      IT IS HEREBY ORDERED that Plaintiff's claims against Defendants as set forth in Civil Case

4  No. 08-01366 SBA (EMC) are dismissed with prejudice.

5      IT IS FURTHER ORDERED that the District Court, through Magistrate Chen, shall retain

6  jurisdiction over Civil Case No. 08-01366 SBA (EMC) for the purpose of resolving any disputes

7  between the Parties regarding the obligations or terms set forth in the Settlement Agreement.

8

9  IT IS SO ORDERED.

10

Dated:   3/6/09

11

12

13      _____
        Honorable Saundra B. Armstrong
14      United States District Court
        Northern District of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**SETTLEMENT AGREEMENT**

This Settlement Agreement and Dismissal ("Settlement Agreement" or "Agreement") is made and entered into by and among Plaintiff San Bruno Mountain Watch, ("SBMW" or "Plaintiff"), and Defendants Brookfield Northeast Ridge II LLC, Brookfield Bay Area Builders Inc., and Brookfield Homes of California Inc., (collectively "Brookfield" or "Defendants").

SBMW and Brookfield (collectively the "Parties" and each a "Party") have entered into this Settlement Agreement to achieve a full and final settlement of SBMW's claims against Defendants as set forth in Case No. CV 08-01366 SBA (EMC) (the "Litigation")

**I.      RECITALS**

**WHEREAS**, SBMW is a non-profit public benefit corporation organized under the laws of the State of California.  SBMW has over 2,000 members who live and/or recreate in and around San Bruno Mountain.  SBMW's mission is to protect and preserve San Bruno Mountain as the largest and richest remaining example of the native Franciscan bioregion.

**WHEREAS,** Brookfield Northeast Ridge II LLC is the owner of the real property of the Landmark Ridge development on San Bruno Mountain in Brisbane, California ("Landmark Project"). Brookfield Bay Area Builders Inc. is the general contractor for the development of the Landmark Project.  It is Defendants' position that Brookfield Homes of California Inc. was a related corporate entity but has not been involved in the development of the Landmark Project in any manner.

**WHEREAS,** Brookfield's Landmark Project development is subject to the State of California's General Permit to Discharge Storm Water Associated with Construction Activity, National Pollutant Discharge Elimination System Permit No. CAS000002 ("Construction Permit").

**WHEREAS**, on March 10, 2008, SBMW filed a suit, *San Bruno Mountain Watch v. Brookfield Northeast Ridge II, LLC et al.* Case No. CV 08-01366 SBA (EMC), in the Northern District of California alleging Defendants' violations of the Clean Water Act and the Construction Permit. Defendants deny the allegations made by SBMW in the Litigation.

**WHEREAS**, on November 3, 2008, Brookfield filed a Notice of Termination ("NOT") of Construction Permit coverage with the State Water Resources Control Board.  In its NOT, Brookfield

stated that construction activities at the Landmark Project have been suspended indefinitely due to market housing conditions and pending receipt of local entitlements and federal approvals.

**WHEREAS,** the Parties hereto, without admitting any liability or wrongdoing with reference to the Litigation or to any other matter, have agreed to settle the Litigation as set forth in this Settlement Agreement.

**WHEREAS,** all actions taken by Brookfield pursuant to this Settlement Agreement shall be undertaken in compliance with all applicable federal, state, and local laws and regulations.

**WHEREAS,** the provisions of this Agreement apply to and bind the Parties, including any successors or assigns.

**WHEREAS,** the Parties agree to be bound by this Agreement and not to contest its validity in any subsequent proceeding to implement or enforce its terms. By entering into this Agreement, Brookfield does not admit liability for any purpose as to any allegation or matter arising out of the Litigation.

**WHEREAS,** no change in ownership or corporate or other legal status of Brookfield or any transfer of Brookfield's assets or liabilities shall in any way alter the responsibilities of Brookfield or any of its successors or assigns thereof, under this Agreement.

**WHEREAS,** in any action to enforce this Agreement, the Parties shall not raise as a defense the failure by any of their agents, servants, contractors, employees, and successors or assigns to take actions necessary to comply with this Agreement.

## II.    COMMITMENT OF THE PARTIES

NOW THEREFORE, in consideration of the foregoing Recitals and the mutual covenants, agreements and releases set forth below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

A. The Parties consent to the Court's jurisdiction over the subject matter of this action and over the Parties to the Litigation. The Parties stipulate that the Court has jurisdiction to enforce the terms and conditions of this Settlement Agreement.

B. <u>Effective and termination Dates</u>.  The term "Effective Date," as used in this Settlement Agreement, shall mean the last date for the United States Department of Justice to comment on the lodged Agreement and Stipulated Dismissal, i.e., the 45th day following the United States Department of Justice's receipt of the lodged Agreement and Stipulated Dismissal.  This Agreement will terminate two (2) years from the Parties' execution of this Settlement Agreement.

C. <u>Dispute Resolution</u>:  If the Parties fail to resolve their differences regarding any requirement or obligation in this Settlement Agreement, the Parties' exclusive recourse to resolve the issue shall be pursuant to the Dispute Resolution provisions provided below in this Settlement Agreement.

D. <u>Final Stabilization</u>.  Brookfield agrees to stabilize all areas of the Landmark Project where soil disturbing activities have occurred or are occurring, including but not limited to cleared and graded slopes, and the area identified as "Erosion and Sediment Control Area," on the map attached as Attachment A, as follows:

1.  By April 1, 2009, Brookfield agrees to achieve seventy percent (70%) vegetation cover.

2.  If development of the currently undeveloped areas of the Landmark Project does not begin by July 1, 2009, then Brookfield agrees to achieve an additional twenty percent (20%) vegetative cover on all disturbed areas by October 1, 2009, for a total of ninety percent (90%) vegetative cover at the Landmark Project.  Brookfield may use equivalent stabilization measures for the additional twenty percent (20%) stabilization.  These measures include the use of best management practices ("BMPs") such as blankets, reinforced channel liners, soil cement, fiber matrices, geotextiles, or other erosion resistant soil coverings or treatments.  Brookfield agrees to maintain the equivalent stabilization measures until the final stabilization with vegetative cover of the additional twenty percent (20%) occurs.

3.  Brookfield agrees that it will have Mark Heath of Shelterbelt Builders, or another individual at Shelterbelt Builders if Mr. Heath cannot perform the task, assess the percentage of the

vegetative cover using scientifically valid methodologies. Brookfield agrees to provide SBMW with the assessments, including a description of the methodology and data, to determine the percentage of vegetative cover as required by this section, no later than fourteen (14) days after the April 1, 2009 and October 1, 2009 dates listed above in paragraphs D(1) & (2).

4. Brookfield agrees that it will use native plants or vegetation if additional vegetation is applied to the site for stabilization.

5. The Parties agree that this Agreement does not preclude Brookfield from further development of the Landmark Project, including the areas stabilized under this section.

E. <u>Supplemental Environmental Project</u>. Brookfield agrees to make a payment of Eighty Thousand Dollars ($80,000) to the City of Brisbane to be used for the acquisition of property in Brisbane Acres to be kept as open space on behalf of San Bruno Mountain Watch. Payment shall be made within thirty (30) days of the Effective Date. If the City of Brisbane cannot purchase property at Brisbane Acres within sixteen (16) months of the Effective Date of this Settlement Agreement, it shall use the money for the sole purpose of environmentally beneficial activities that will enhance water quality in the Brisbane Lagoon and San Francisco Bay.

F. <u>Attorneys' Fees</u>. Brookfield shall reimburse SBMW Ninety Thousand Dollars ($90,000) for its attorneys' fees, consultant's fees and other costs incurred in the investigation and prosecution of the Litigation. Payment shall be made within thirty (30) days of the Effective Date, and be made in the form of a single check payable to "Lawyers for Clean Water Attorney Client Trust Account" addressed to 1004 O'Reilly Avenue, San Francisco, CA 94129 and sent overnight delivery.

## III.    DISPUTE RESOLUTION.

G. The Parties agree that the dispute-resolution procedure set forth herein shall be the exclusive mechanism for resolving disputes between the Parties with regard to any dispute under this Agreement. Pursuant to the terms of this paragraph the Parties agree to the following:

1       1.   <u>Meet and Confer</u>.  If a dispute under this Agreement arises, or any of the Parties believes that a breach of this Agreement has occurred, the Parties shall meet and confer within ten (10) days of receiving written notification of a request for such meeting.  During the meet and confer proceeding, the Parties shall discuss the dispute and make best efforts to devise a mutually agreed upon plan, including implementation dates, to resolve the dispute.  The Parties may, upon mutual written agreement, extend the time to conduct the meet and confer discussions beyond ten (10) days.

       2.   If any Party fails to meet and confer or the meet and confer does not resolve the dispute, and after at least ten (10) days have passed after the meet and confer occurred or should have occurred, either Party shall be entitled to initiate the Formal Dispute Resolution procedures as outlined in the paragraphs below.

   H.  <u>Formal Dispute Resolution</u>.  If the meet and confer process does not fully resolve the Parties' disputes, the Parties agree that their exclusive recourse is to file a Motion to Show Cause ("Motion") in District Court, before Magistrate Judge Chen, to determine whether either Party is in breach of this Agreement and, if so, to require the breaching Party to remedy any breach identified by the District Court within a reasonable time frame.  The Party filing any such Motion may request expedited review of the Motion, and the non-filing Party shall join in any such request.  If Judge Chen is not available to perform the role identified herein, the Parties agree that the Motion shall be re-assigned pursuant to applicable rules of the District Court.  The prevailing or substantially prevailing Party in the Formal Dispute Resolution proceeding, shall be awarded reasonable costs and attorney's fees incurred in the dispute resolution proceedings, consistent with § 505 of the Clean Water Act, 33 U.S.C. § 1365.  If the Parties cannot agree on the payment of reasonable costs and fees, then the prevailing or substantially prevailing Party may file a motion with Judge Chen for the award of such fees.

## IV.    MUTUAL RELEASE OF LIABILITY AND DISMISSAL OF CLAIMS.

   I.  <u>Release</u>.  Except for claims regarding a Party's failure to comply with any aspect of this Settlement Agreement, the Parties, and each of their members, affiliates, agents, and representatives, hereby fully release each other and their respective successors, assigns, officers, agents, employees, and all persons, firms and corporations having an interest in them, from any and all Clean Water Act

violations claimed in this Litigation against Brookfield up to and including the date of execution of this Settlement Agreement. With regard to the release set forth above, the Parties release all unknown past or present Clean Water Act claims up through the date of execution of this Agreement and, therefore, with respect to these Clean Water Act claims each hereby waives the benefits of California Civil Code section 1542. Section 1542 states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

J. <u>Agency Review</u>. Plaintiff shall submit this Agreement to the United States Environmental Protection Agency ("EPA") and the United States Department of Justice ("DOJ") within three (3) days of the Parties' execution of this Agreement for agency review consistent with 40 C.F.R. § 135.5. The review period expires forty-five (45) days after receipt by both agencies, as evidenced by the certified return receipts, copies of which shall be provided by SBMW to Brookfield. In the event that EPA or DOJ comments negatively on the provisions of this Agreement, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by EPA or DOJ. If the Parties are unable to agree upon modifications within thirty (30) days, the matter shall be submitted to the Formal Dispute Resolution process as set out herein.

K. <u>Stipulated Dismissal</u>. Plaintiff shall file this Stipulated Dismissal With Prejudice of Plaintiff's complaint against Defendants with the District Court three (3) days of the Parties' execution of this Agreement. Plaintiff is responsible for notifying Defendants of the District Court's entry of the Order dismissing these claims with prejudice. Such notification can be satisfied by the Northern District of California's Case Management/Electronic Case Filing ("CM/ECF") notification to the Parties that the Order was executed and entered by the District Court. If for any reason the Court declines to approve this Settlement Agreement in the form presented, the Parties shall work together to modify the Settlement Agreement so that it is acceptable to the Court. If the Parties are unable to agree upon

modifications within thirty (30) days, the matter shall be submitted to the Formal Dispute Resolution process as set out herein.

L.  The Parties agree that SBMW will not initiate communications with the press regarding this Settlement Agreement.  SBMW agrees that if it is contacted by the press it will refer the press to this Settlement Agreement and not comment negatively about the measures Brookfield is taking under this Agreement.

**V.  NOTICES**

M.  Except as otherwise specifically provided above, all notices, requests, demands and other communications that may be given under or concerning either this Settlement Agreement shall be in writing and shall be sent via first class mail and shall be deemed received three days after postmarked. In each case, the notice shall be sent:

    If to SBMW, addressed to:

        Ken McIntire
        San Bruno Mountain Watch
        PO Box 53
        Brisbane, CA 94005
        Telephone: (415) 467-6631
        Email: sanbruno@mountainwatch.org

    with copies to:

        Layne Friedrich, Esq.
        Lawyers for Clean Water
        1004 A O'Reilly Avenue
        San Francisco, CA  94129
        Telephone: (415) 440-6520
        Email: layne@lawyersforcleanwater.com

        Brian Gaffney, Esq.
        Lippe Gaffney Wagner LLP
        329 Bryant Street, Suite 3D
        San Francisco, CA 94107
        bgaffney@lgwlawyers.com

If to Brookfield addressed to:

John Ryan
Brookfield Bay Area Builders Inc.
500 La Gonda Way, Ste. 100
Danville, CA 94526
Telephone: (925) 743-8000
Email: JRyan@brookfieldnorcal.com

with copies to:

S. Keith Garner
Sheppard, Mullin, Richter & Hampton, LLP
Four Embarcadero Center, 17h Floor
San Francisco, CA 94111
Telephone: (415) 774-2991
Email: kgarner@sheppardmullin.com

or to such other place as any Party may designate as to itself by written notice to the other Party.

## VI.    MISCELLANEOUS PROVISIONS

N. <u>Entire Agreement</u>.  This Settlement Agreement constitutes an integrated contract expressing the entire agreement of the Parties hereto relative to the subject matter discussed herein.  No covenants, agreements or representations of any kind have been made by any Party to any other Party, except as expressly set forth in this Settlement Agreement.  All prior discussions, negotiations, and agreements are superseded by this Settlement Agreement.

O. <u>Facsimile Signatures</u>.  Signatures of the Parties transmitted by facsimile shall be deemed binding.

P. <u>Assistance of Counsel</u>.  In executing the Settlement Agreement, the Parties acknowledge that they have consulted with, and have been advised by, counsel with regard to the provisions of the Settlement Agreement, have discussed with their counsel the meaning and effect of the Settlement Agreement, and have read and understand the scope and effect of each provision of the Settlement Agreement.

Q. <u>No Party Deemed Drafter</u>.  The Parties acknowledge that the terms and conditions of the Settlement Agreement are contractual and are the result of negotiations between the Parties and their counsel.  Each Party and their counsel cooperated in the drafting and preparation of the Agreement.

R. <u>Severability</u>.  If any provision of this Settlement Agreement is declared by any court to be illegal or invalid, the validity of the remaining portions shall not be affected thereby, the illegal or invalid portions shall be deemed not a part of the Settlement Agreement and the Parties' respective obligations shall be modified to reflect such severance.  If the Parties cannot agree on the modification needed due to the severance, the Parties agree to resolve their differences pursuant to the dispute resolution provisions set forth in Section III.

S. <u>Authority to Execute</u>.  Each Party represents and warrants to the other Parties that the Party's signatory to this Settlement Agreement has been duly authorized to sign for the Party on whose behalf the signature is made.

T. <u>Counterparts</u>.  The Settlement Agreement may be executed in counterparts with the same force and effect as if executed in one complete document.

We have read and agree to the foregoing in its entirety.

APPROVED AS TO CONTENT:


By:  _____
     John Ryan
     BROOKFIELD NORTHEAST RIDGE II LLC,
     BROOKFIELD BAY AREA BUILDERS INC., and
     BROOKFIELD HOMES OF CALIFORNIA INC.


APPROVED AS TO FORM:


By:  *S. Keith Garner*
     S. Keith Garner
     SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
     Attorneys for Defendants

Q. <u>No Party Deemed Drafter</u>. The Parties acknowledge that the terms and conditions of the Settlement Agreement are contractual and are the result of negotiations between the Parties and their counsel. Each Party and their counsel cooperated in the drafting and preparation of the Agreement.

R. <u>Severability</u>. If any provision of this Settlement Agreement is declared by any court to be illegal or invalid, the validity of the remaining portions shall not be affected thereby, the illegal or invalid portions shall be deemed not a part of the Settlement Agreement and the Parties' respective obligations shall be modified to reflect such severance. If the Parties cannot agree on the modification needed due to the severance, the Parties agree to resolve their differences pursuant to the dispute resolution provisions set forth in Section III.

S. <u>Authority to Execute</u>. Each Party represents and warrants to the other Parties that the Party's signatory to this Settlement Agreement has been duly authorized to sign for the Party on whose behalf the signature is made.

T. <u>Counterparts</u>. The Settlement Agreement may be executed in counterparts with the same force and effect as if executed in one complete document.

We have read and agree to the foregoing in its entirety.

APPROVED AS TO CONTENT:

By: _____
John Ryan
BROOKFIELD NORTHEAST RIDGE II LLC,
BROOKFIELD BAY AREA BUILDERS INC., and
BROOKFIELD HOMES OF CALIFORNIA INC.


APPROVED AS TO FORM:

By: _____
S. Keith Garner
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
Attorneys for Defendants

Brookfield Northeast Ridge II LLC,
Brookfield Bay Area Builders Inc., and
Brookfield Homes of California Inc.

APPROVED AS TO CONTENT:


By: _Ken McIntire_
Ken McIntire
SAN BRUNO MOUNTAIN WATCH

APPROVED AS TO FORM:


By: _____
Layne Friedrich
LAWYERS FOR CLEAN WATER, INC.
Attorneys for Plaintiff
San Bruno Mountain Watch

1    Brookfield Northeast Ridge II LLC,
     Brookfield Bay Area Builders Inc., and
2    Brookfield Homes of California Inc.

3    APPROVED AS TO CONTENT:

4

5
     By: _____
6        Ken McIntire
         SAN BRUNO MOUNTAIN WATCH
7

8    APPROVED AS TO FORM:

9
     By: _____
10       Layne Friedrich
         LAWYERS FOR CLEAN WATER, INC.
11       Attorneys for Plaintiff
         San Bruno Mountain Watch
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     Stipulated Dismissal; Settlement Agreement          12          Civil Case No. 08-01366 SBA (EMC)

**Attachment A**